IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DOUBLE EAGLE CLUB, INC.,

    Plaintiff,

v.

BG CAPITAL MANAGEMENT SOUTH FLORIDA, LLC and BG SIGNATURE PROPERTIES, LLC,

    Defendants.

Civil Action No. _____

## COMPLAINT

1.    This is an action brought by the Plaintiff, Double Eagle Club, Inc. ("Plaintiff" or "Double Eagle") against Defendants, BG Capital Management South Florida, LLC and BG Signature Properties LLC (collectively, "Defendants" or "BG"), for actual damages, punitive damages, attorneys' fees and expenses for breach of contract and fraud.

### PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff Double Eagle Club, Inc. is a corporation formed and existing under laws of the State of Georgia.  Double Eagle is a resident of the State of Georgia, with its principal place of business in Chicago, Illinois.

3.    Defendant BG Capital Management South Florida, LLC ("BG Capital") is a limited liability company organized under the laws of the State of Florida.  At all times relevant to this Complaint, BG Capital conducted business as BG Signature, BG Signature Properties, and/or BG Signature Properties LLC.  BG Capital's principal place of business is 1250 S. Pine Island Rd., 5th Floor, Plantation, Florida 33324.  According to the Florida Secretary of State, BG

Capital's registered agent for service of process is BG Capital Management South Florida, 1250 South Pine Island Rd., 5th Floor, Plantation, FL 33324.

4. Defendant BG Signature Properties LLC ("BG Signature") is a limited liability company organized under the laws of the State of Florida. BG Signature's principal place of business is 1250 S. Pine Island Rd., 5th Floor, Plantation, Florida 33324. BG Signature is managed and operated by BG Capital Management South Florida LLC. According to the Florida Secretary of State, BG Signature's registered agent for service of process is Helmut Forero at BG Capital Management South Florida LLC, 1250 South Pine Island Rd., 5th Floor, Plantation, FL 33324.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because Double Eagle and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to Double Eagle's claims occurred in this District.

7. Additionally, by consent Defendants are subject to the court's personal jurisdiction with respect to such action. *See* "BG Signature 2016 Membership Agreement," attached hereto as **Exhibit A** (the "Membership Agreement").[1]

---

[1] The Membership Agreement at (unnumbered) p. 3 states that "[e]ach party submits to the jurisdiction of the appropriate court, in or closest to, Richmond County, GA, and waives, to the fullest extent permitted by law, any jurisdictional objections as well as the right to trial by jury in any action, suit, claim or proceeding brought to enforce, defend, or interpret any rights or remedies arising hereunder, relating to or in connection with this Agreement."

## FACTUAL ALLEGATIONS

8. Double Eagle provides custom hospitality programs and experiences in and around Augusta, Georgia during the annual Masters Tournament, as well as memberships to its private club facility adjacent to the August National Golf Course, located at 2603 Washington Road, Augusta, Georgia (the "Club").

9. On or about October 1, 2016, Double Eagle and BG entered into the written agreement, "BG Signature 2016 Membership Agreement," attached hereto as **Exhibit A** (the "Membership Agreement").

10. On or about February 1, 2016, BG informed Double Eagle that it sought to modify the Membership Agreement to reduce the number of groups for the "First Wave". *See* Exhibit A.

11. On or about March 4, 2016, Double Eagle and BG modified the Membership Agreement via the signed written addendum, "Double Eagle Club Addendum #1 – Additional Amenities," attached hereto as **Exhibit B** (the "Addendum") (the Membership Agreement and Addendum collectively, the "Agreement").

12. Pursuant to the Agreement, BG agreed to pay Double Eagle the "Membership Cost" of Two Hundred Sixty-Five Thousand Dollars ($265,000). *See* Exhibit A at p. 2.

13. Additionally, pursuant to the Agreement, BG agreed to pay Double Eagle for any additional amenities or services requested by BG, including but not limited to, private catering, additional transportation, or golf tee times, at a mutually agreed upon cost plus an eighteen percent (18%) service charge. *See* Exhibit A at p. 2.

14. On or about March 4, 2016, Double Eagle and BG modified the Membership Agreement to reflect a reduction for the First Wave and credit of Twenty Thousand Dollars ($20,000) to the remaining amounts due from BG under the Agreement. *See* Exhibit B.

15. Between April 4, 2016 and April 11, 2016 in Augusta, Georgia, Double Eagle provided and BG received without objection the amenities and services set forth in the Agreement, including but not limited to Masters Tournament Practice Round Tickets, Masters Tournament Badges, Double Eagle Club Membership passes, furnished homes, a concierge, drivers, transportation, and concierge, housekeeping and related services (the "Amenities"). *See* Exhibit A.

16. Additionally, between January 2016 and April 2016 BG requested and received the additional amenities and services set forth in **Exhibit C** attached hereto ("Additional Amenities") through its agent(s).

17. On or about December 7, 2016, BG paid Double Eagle the sum of Fifty Thousand Dollars ($50,000) as BG's initial payment under the Agreement.

18. On or about January 28, 2017, BG paid Double Eagle the sum of Seventy Thousand Dollars ($70,000) as BG's second installation payment under the Agreement.

19. On or about February 15, 2016, Double Eagle invoiced BG for the third payment due under the Agreement.

20. On or about March 4, 2016, Double Eagle provided BG an amended invoice for the third payment due under the Agreement in the amount of One Hundred and Twenty-Five Thousand Dollars ($125,000). *See* Invoice No. D20417, attached hereto as **Exhibit D**. A true and correct copy of this invoice is attached hereto as Exhibit D. BG has failed and refused to pay this invoice.

21. On or before April 1, 2016, Double Eagle made additional demands upon BG for payment of the past due amount of One Hundred and Twenty-Five Thousand Dollars ($125,000) that BG owed under the Agreement.

22. On or about April 1, 2016 – with the Masters Tournament days from opening – BG falsely represented to Double Eagle that it had paid One Hundred and Twenty-Five Thousand Dollars ($125,000) via a wire transfer from BG's Bank of America Merrill Lynch account to Double Eagle's JP Morgan Chase bank account.

23. BG did not transfer any money to Double Eagle via the alleged April 1, 2016 wire transfer described in Paragraph No. 22 above.

24. Double Eagle informed BG that it did not receive the alleged wire transfer and demanded payment of the remaining Membership Cost due under the Agreement before BG could receive the Amenities and Additional Amenities being provided by Double Eagle.

25. On or about April 4, 2016 – the opening day of the practice round for the Masters Tournament – BG informed Double Eagle that it had sent a written check (dated April 1, 2016) made payable to Double Eagle – to Double Eagle's office in Chicago, Illinois for One Hundred and Twenty-Five Thousand Dollars ($125,000).

26. Between April 4, 2016 and April 11, 2016 in Augusta, Georgia, Double Eagle provided and BG received without objection the benefit of the Amenities and Additional Amenities pursuant to the Agreement.

27. On or about April 18, 2016, upon its return to Chicago, Illinois after providing the Amenities and Additional Amenities at the Masters Tournament, Double Eagle deposited the BG check identified in Paragraph 25 above.

28. BG stopped payment on the BG check identified in Paragraph 25 above.

- 6 -

29. On or about April 20, 2016, Double Eagle received notice that the deposited BG check identified in Paragraph 25 above had been returned because BG had initiated a stop payment order on the deposited check.

30. On or about May 27, 2016, Double Eagle invoiced BG for the Additional Amenities that BG had requested and received under the Agreement, in the amount of Forty-Three Thousand Forty-One Dollars and Sixty-Six Cents ($43,041.66).  *See* **Exhibit E**, Invoice No. D20463.  A true and correct copy of this invoice is attached hereto as Exhibit E.  BG has failed and refused to pay this invoice.

31. Despite multiple emails, phone calls, and demands for payment, BG has failed and refused to pay the outstanding invoices and amounts owed to Double Eagle pursuant to the Agreement.

## COUNT I
## BREACH OF CONTRACT

32. Plaintiff hereby incorporates and restates the allegations in the preceding Paragraphs as if fully set forth herein.

33. Double Eagle has complied with all its responsibilities and obligations under the Agreement.

34. BG breached the Agreement by failing to pay Double Eagle the agreed upon adjusted Membership Cost of Two Hundred Sixty-Five Thousand Dollars ($265,000) minus a credit of Twenty Thousand Dollars ($20,000).  *See* Exhibits A and B.

35. BG breached the Agreement by failing to pay Double Eagle Forty-Three Thousand Forty-One Dollars and Sixty-Six Cents ($43,041.66) for the Additional Amenities it requested and received under the Agreement, within thirty (30) days of its receipt of the Invoice attached hereto as Exhibit E.

36. Double Eagle has been and continues to be damaged as a result of BG's breaches of the Agreement.

37. Double Eagle is entitled to compensatory damages, interest, attorneys' fees, and expenses incurred in bringing its claims in an amount to be determined at trial.

### COUNT II
### FRAUDULENT INDUCEMENT

38. Plaintiff incorporates and restates the allegations in Paragraphs 1 through and including 31 above as if fully set forth herein.

39. Plaintiff pleads this Count II in the alternative to Count I above.

40. BG's payment of the Membership Cost and Additional Amenities was material to the Agreement.

41. Upon information and belief, BG entered into the Agreement with no intention of paying Double Eagle the amounts it agreed to pay under the Agreement, i.e., the full Membership Cost and amounts for Additional Amenities as set forth in the Agreement.

42. Upon information and belief, BG modified the Agreement with no intention of paying Double Eagle the remaining amounts then due under the Agreement or to pay for the Additional Amenities it requested.

43. Upon information and belief, BG requested and received Additional Amenities pursuant to the Agreement with no intention of paying for them as agreed.

44. BG's actions set forth above, including but not limited to falsely representing that it had sent a wire transfer to Double Eagle, delivering a written check payable to Double Eagle in Chicago, Illinois during the Masters Tournament and then stopping payment on the check after BG had received the Amenities and Additional Amenities, and then upon demand for payment,

claiming that, "We have no knowledge of your company. We have never dealt with you." -- were unusual, suspicious, and inconsistent with a contracting party who had been acting in good faith.

45. BG intended to deceive Double Eagle and induce Double Eagle to act in reliance upon its false representations.

46. Double Eagle justifiably relied on BG's fraudulent misrepresentations.

47. If Double Eagle had been aware of BG's fraudulent scheme to obtain the Amenities and Additional Amenities without paying the agreed upon amounts, it would not have entered into the Agreement.

48. BG failed to pay the remaining Membership Cost of One Hundred Twenty-Five Thousand Dollars ($125,000).

49. BG failed to pay amounts invoiced for Additional Amenities as agreed.

50. BG fraudulently induced Double Eagle to enter into the Membership Agreement and the Addendum.

51. BG fraudulently induced Double Eagle to provide BG the Amenities and Additional Amenities.

52. Double Eagle has been injured and damaged as a direct and proximate result of BG's fraudulent misrepresentations and actions.

53. Double Eagle is entitled to compensatory damages, punitive damages, attorneys' fees, and expenses incurred in bringing its claims in an amount to be determined at trial.

### COUNT III
### FRAUD

54. Plaintiff incorporates and restates the allegations in Paragraphs 1 through and including 31, and Paragraphs 38 through and including 53, above as if fully set forth herein.

55. Plaintiff pleads this Count III in addition to Count II above and in the alternative to Count I above.

56. As set forth above, BG made numerous false representations and promises regarding its performance (i.e., payment) under the Agreement in an ongoing scheme to defraud and deceive Double Eagle.

57. At the time BG made the representations, BG knew them to be false.

58. Double Eagle justifiably and reasonably relied upon BG's false statements to Double Eagle's detriment.

59. As a direct and proximate result of BG's fraudulent actions and material misrepresentations, Double Eagle has suffered injury and damages.

60. Double Eagle is entitled to compensatory damages, punitive damages, attorneys' fees, and expenses incurred in bringing its claims in an amount to be determined at trial.

## COUNT IV
## PUNITIVE DAMAGES

61. BG's actions and inactions are the result of its willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, so as to allow for the imposition of punitive damages against BG in accordance with Georgia law.

62. Double Eagle requests an award of punitive damages sufficient to punish, penalize, and deter BG for its wrongful misconduct, in an amount to be determined at trial.

## COUNT V
## ATTORNEYS' FEES AND EXPENSES OF LITIGATION (O.C.G.A. § 13-6-11)

63. Plaintiff incorporates and restates the allegations in Paragraphs 1 through and including 37 as if fully set forth herein.

64. BG has caused Double Eagle unnecessary trouble and expense in breaching the Agreement and failing to pay amounts owed, invoiced, and demanded pursuant to the Agreement. BG's fraudulent actions have caused Double Eagle unnecessary trouble and expense. Defendants have acted in bad faith and been stubbornly litigious.

65. Pursuant to O.C.G.A.§ 13-6-11, Double Eagle is entitled to an award of its reasonable attorneys' fees and expenses of litigation incurred in enforcing the Agreement, as a result of Defendants' breaches and tortious conduct.

## COUNT VI
## ATTORNEYS' FEES AND COSTS (PURSUANT TO AGREEMENT)

66. Plaintiff incorporates and restates the allegations in Paragraphs 1 through and including 37 as if fully set forth herein.

67. The Agreement provides that "the prevailing party in any legal action under this Agreement shall have the right to be reimbursed for their reasonable attorneys' fees and other legal costs." See Exhibit A.

68. Pursuant to the Agreement, Double Eagle seeks an award to reimburse it for its reasonable attorneys' fees and other legal costs incurred in connection with this action.

**WHEREFORE**, Plaintiff Double Eagle Club, Inc. prays for judgment in its favor and against Defendants as follows:

a) An award of compensatory damages for breach of contract in an amount to be determined at trial;

b) In the alternative, an award of compensatory and punitive damages for fraudulent inducement and fraud in an amount to be determined at trial;

c) An award of pre- and post-judgment interest;

d) An award of attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

e) An award of attorneys' fees and other legal costs incurred in connection with this action, as provided in the Agreement; and

f) That Double Eagle recover such other and additional relief as this Court deems just and appropriate.

Respectfully submitted, this 28th day of June, 2017.

                          **s/ Kevin A. Maxim**
                          Attorney Bar No. 478580
                          Michelle Cohen Egan
                          Attorney Bar No. 174650
                          Attorneys for Plaintiff
                          Double Eagle Club, Inc.

                          The Maxim Law Firm, P.C.
                          1718 Peachtree St., NW
                          Suite 599
                          Atlanta, Georgia   30309
                          Telephone: (404) 924-4272
                          E-mail: kmaxim@maximlawfirm.com
                          E-mail: megan@maximlawfirm.com