# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

| | | |
|---|---|---|
| DOUBLE EAGLE CLUB, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO: CV 117-073 |
| | ) | |
| BG CAPITAL MANAGEMENT SOUTH | ) | |
| FLORIDA, LLC, BG SIGNATURE | ) | |
| PROPERTIES, LLC, HELMUT FORERO, | ) | |
| And ROBERT D. GENOVESE, | ) | |
| | | |
| Defendants. | | |

## ANSWER OF DEFENDANT ROBERT D. GENOVESE TO

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOWS Defendant Robert D. Genovese (hereinafter "Genovese" or "Defendant"), by and through undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM WHICH RELIEF CAN BE GRANTED

Plaintiff's First Amended Complaint fails to allege facts that plausibly show that Genovese is individually liable for damages alleged by Plaintiff. Plaintiff makes conclusory allegations that BG Capital Management South Florida, LLC (hereinafter "BG Capital") and BG Signature Properties, LLC (hereinafter "BG Signature") are alter egos of Genovese in order to establish a nexus of liability between the former corporations and Genovese. Further, Plaintiff provides no evidence to establish this allegation. Therefore, the First Amended Complaint fails to state a claim for which relief can be granted, and it should be dismissed.

## SECOND AFFIRMATIVE DEFENSE: WAIVER AND ESTOPPEL

Plaintiff's claims are barred, in whole or in part, by waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE: LACHES

Plaintiff's claims are barred, in whole or in part, by laches.

## FOURTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE: NOTICE OF NON-PARTY LIABILITY FOR DAMAGES

Pursuant to O.C.G.A §51-12-33(d), Plaintiff is provided notice that certain non-parties are either wholly or partially at fault for the damages claimed by the Plaintiff for providing services to non-BG Signature guests and then billing those services to BG Signature's account. Said non-parties are identified as Andy Irvine and other certain John and Jane Doe individuals formerly employed by Defendant BG Signature.

## SIXTH AFFIRMATIVE DEFENSE

Lack of personal jurisdiction over Defendant Robert D. Genovese.

## SEVENTH AFFIRMATIVE DEFENSE

Lack of subject matter jurisdiction over Defendant Robert D. Genovese.

## EIGHTH AFFIRMATIVE DEFENSE

Improper venue.

## NINTH AFFIRMATIVE DEFENSE

Defendant Robert D. Genovese did not enter into the claimed contractual relationship in his individual capacity.

As to the individually numbered allegations in the Plaintiff's First Amended Complaint, Defendant responds as follows:

1.     Defendant admits that this action is brought by Plaintiff Double Eagle Club, Inc. against Defendant Genovese for actual damages, punitive damages, attorneys' fees and expenses for fraud, and breach of contract, and injunctive any other relief. Defendant specifically denies engaging in fraud, breach of contract and fraudulent transfers.  Defendant denies the remaining allegations in paragraph 1.

## PARTIES, JURISDICTION, AND VENUE

2.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

3.     Defendant denies that BG Capital is an alter ego of Defendant, and as a result thereof, denies that all action and inaction attributed to BG Capital in the First Amended Complaint are likewise directly attributable to Defendant. Defendant admits the remainder of this allegation.

4.     Defendant denies that BG Signature is an alter ego of Defendant, and as a result thereof, denies that all action and inaction attributed to BG Signature in the First Amended Complaint are likewise directly attributable to Defendant. Defendant admits the remainder of this allegation.

5.     Defendant denies the allegations in paragraph 5 of the Plaintiff's First Amended Complaint.

6.     Defendant admits the allegations in paragraph 6 of the Plaintiff's First Amended Complaint.

3

7.      Defendant denies that it is subject to the jurisdiction of the Federal District Court for the Southern District of Georgia, Augusta, Division.  Defendant denies all other claims asserted in paragraph 7 of the Plaintiff's First Amended Complaint.

8.      Defendant denies that venue is proper in the Federal District Court for the Southern District of Georgia, Augusta, Division.  Defendant denies all other claims asserted in paragraph 8 of Plaintiff's First Amended Complaint.

9.      Defendant denies the allegations contained in paragraph 9 of the Plaintiff's First Amended Complaint.

10.     Defendant denies that he is a party to the Membership Agreement, in his individual capacity. Defendant admits the remaining allegation in paragraph 10 of the Plaintiff's First Amended Complaint.

11.     Defendant is without information or belief sufficient to respond to the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

12.     Defendant denies the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint.

16.     Defendant admits the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of Plaintiff's First Amended
       Complaint.

18.    Defendant denies the allegations contained in paragraph 18 of Plaintiff's First Amended
       Complaint.   Defendant admits that Plaintiff and BG Signature entered into the written
       agreement.

19.    Defendant admits emailing BG Signature's Randy Irvine about securing additional houses,
       accommodations, and services in Georgia from Double Eagle for the 2016 Masters, as he
       wanted "a whole cul de sac that will be named BG for the entire [Masters] week".
       Defendant specifically denies the "BG Defendants" are his alter egos and specifically
       denies the remaining allegation in paragraph 19 of Plaintiff's First Amended Complaint.

20.    Defendant is without knowledge or belief sufficient to form a belief as to the allegations
       contained in paragraph 20 of Plaintiff's First Amended Complaint.  Defendant admits that,
       by way of Double Eagle Club Addendum #1, BG Signature elected to cancel two groups
       from their First Wave in accordance with terms spelled out in Membership Costs.

21.    Defendant admits the allegations contained in paragraph 21 of Plaintiff's First Amended
       Complaint.

22.    Defendant admits that Plaintiff and BG Signature entered into a "2016 Membership
       Agreement" regarding "Membership Costs" equaling $265,000 to be paid by BG
       Signature. Defendant denies that he is personally liable for the "2016 Membership
       Agreement" and  denies the remaining  allegations in paragraph 22 of the Plaintiff's First
       Amended Complaint.

23.    Defendant admits that Plaintiff and BG Signature entered into an agreement regarding
       additional amenities or services requested by BG, including but not limited to, private

catering, additional transportation, or golf tee times, at a mutually agreed upon cost plus an eighteen percent (18%) service charge. Defendant denies that he is personally liable for the "2016 Membership Agreement" and denies the remaining allegations in paragraph 23 of the Plaintiff's First Amended Complaint.

24.     Defendant admits the allegations contained in paragraph 24 of the Plaintiff's First Amended Complaint.

25.     Defendant admits this allegation contained in paragraph 25 of the Plaintiff's First Amended Complaint.

26.     Defendant admits this allegation contained in paragraph 26 of the Plaintiff's First Amended Complaint.

27.     Defendant admits this allegation contained in paragraph 27 of the Plaintiff's First Amended Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Plaintiff's First Amended Complaint.

29.     Defendant admits the allegations contained in paragraph 29 of the Plaintiff's First Amended Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the Plaintiff's First Amended Complaint.

31.     Defendant admits the allegations contained in paragraph 31 of the Plaintiff's First Amended Complaint.

32.     Defendant admits the allegations contained in paragraph 32 of the Plaintiff's First Amended Complaint.

33.   Defendant admits the allegations contained in paragraph 33 of the Plaintiff's First Amended Complaint.

34.   Defendant denies the allegations contained in paragraph 34 of the Plaintiff's First Amended Complaint.

35.   Defendant denies the allegations contained in paragraph 35 of the Plaintiff's First Amended Complaint.

36.   Defendant denies the allegations contained in paragraph 36 of the Plaintiff's First Amended Complaint.

37.   Defendant admits that BG did not transfer $125,000 to Plaintiff.  Defendant denies the remaining allegations in paragraph 37 of Plaintiff's First Amended Complaint.

38.   Defendant admits the allegations contained in paragraph 38 of the Plaintiff's First Amended Complaint.

39.   Defendant admits the allegations contained in paragraph 39 of the Plaintiff's First Amended Complaint.

40.   Defendant denies the allegations contained in paragraph 40 of the Plaintiff's First Amended Complaint.

41.   Defendant denies the allegations contained in paragraph 41 of the Plaintiff's First Amended Complaint.

42.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's First Amended Complaint.

43.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's First Amended Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Plaintiff's First Amended Complaint.

45.     Defendant admits the allegations contained in paragraph 45 of the Plaintiff's First Amended Complaint.

46.     Defendant admits the allegations contained in paragraph 46 of the Plaintiff's First Amended Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Plaintiff's First Amended Complaint.

**Count I**

48.     Defendant incorporates his answers to the allegations set forth in paragraphs 1 – 47 of the Plaintiff's First Amended Complaint as if each answer was restated fully herein.

49.     Defendant denies the allegations contained in paragraph 49 of the Plaintiff's First Amended Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Plaintiff's First Amended Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Plaintiff's First Amended Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Plaintiff's First Amended Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of the Plaintiff's First Amended Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of the Plaintiff's First Amended Complaint.

55.    Defendant denies the allegations contained in paragraph 55 of the Plaintiff's First Amended Complaint.

## COUNT II

56.    Defendant incorporates his answers to the allegations set forth in paragraphs 1 – 55 of the Plaintiff's First Amended Complaint as if each answer was restated fully herein.

57.    Defendant admits that Plaintiff's First Amended Complaint states a Count II in addition to Count I.   Defendant denies that he is liable for the Counts and allegations stated in Plaintiff's First Amended Complaint.

58.    Defendant denies the allegations contained in paragraph 58 of the Plaintiff's First Amended Complaint.

59.    Defendant denies the allegations contained in paragraph 59 of the Plaintiff's First Amended Complaint.

60.    Defendant denies the allegations contained in paragraph 60 of the Plaintiff's First Amended Complaint.

61.    Defendant denies the allegations contained in paragraph 61 of the Plaintiff's First Amended Complaint.

62.    Defendant denies the allegations contained in paragraph 62 of the Plaintiff's First Amended Complaint.

63.    Defendant denies the allegations contained in paragraph 63 of the Plaintiff's First Amended Complaint.

64.    Defendant denies the allegations contained in paragraph 64 of the Plaintiff's First Amended Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of the Plaintiff's First Amended Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of the Plaintiff's First Amended Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Plaintiff's First Amended Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of the Plaintiff's First Amended Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of the Plaintiff's First Amended Complaint.

70.     Defendant denies the allegations contained in paragraph 70 of the Plaintiff's First Amended Complaint.

71.     Defendant denies the allegations contained in paragraph 71 of the Plaintiff's First Amended Complaint..

72.     Defendant denies the allegations contained in paragraph 72 of the Plaintiff's First Amended Complaint.

73.     Defendant denies the allegations contained in paragraph 73 of the Plaintiff's First Amended Complaint.

## COUNT III

74.     Defendant incorporates his answers to the allegations set forth in paragraphs 1 – 73 of the Plaintiff's First Amended Complaint as if each answer was restated fully herein.

75.　Defendant admits that Plaintiff's First Amended Complaint states a Count III in addition to Counts I and II.  Defendant denies that he is liable for the Counts and allegations stated in Plaintiff's First Amended Complaint.

76.　Defendant denies the allegations contained in paragraph 76 of the Plaintiff's First Amended Complaint.

77.　Defendant denies the allegations contained in paragraph 77 of the Plaintiff's First Amended Complaint.

78.　Defendant denies the allegations contained in paragraph 78 of the Plaintiff's First Amended Complaint.

79.　Defendant denies the allegations contained in paragraph 79 of the Plaintiff's First Amended Complaint.

80.　Defendant denies the allegations contained in paragraph 80 of the Plaintiff's First Amended Complaint.

81.　Defendant denies the allegations contained in paragraph 81 of the Plaintiff's First Amended Complaint.

**COUNT IV**

82.　Defendant incorporates his answers to the allegations set forth in paragraphs 1 – 81 of the Plaintiff's First Amended Complaint as if each answer was restated fully herein.

83.　Defendant denies that this Defendant is a party to the 2016 Membership Agreement, and therefore, denies liability for Plaintiff's attorney's fees and other legal costs.

84.　Defendant denies that this Defendant is a party to the 2016 Membership Agreement, and therefore, denies liability for Plaintiff's attorney's fees and other legal costs.

**COUNT V**

85.     Defendant incorporates his answers to the allegations set forth in paragraphs 1 – 84 of the Plaintiff's First Amended Complaint as if each answer was restated fully herein.

86.     Defendant denies the allegations contained in paragraph 86 of the Plaintiff's First Amended Complaint.

87.     Defendant denies the allegations contained in paragraph 87 of the Plaintiff's First Amended Complaint.

88.     Defendant admits the allegations contained in paragraph 88 of the Plaintiff's First Amended Complaint.

89.     Defendant admits the allegations contained in paragraph 89 of the Plaintiff's First Amended Complaint.

90.     Defendant admits the allegations contained in paragraph 90 of the Plaintiff's First Amended Complaint.

91.     Defendant admits the allegations contained in paragraph 91 of the Plaintiff's First Amended Complaint.

92.     Defendant admits the allegations contained in paragraph 92 of the Plaintiff's First Amended Complaint.

93.     D Defendant admits the allegations contained in paragraph 93 of the Plaintiff's First Amended Complaint.

94.     Defendant admits the allegations contained in paragraph 94 of the Plaintiff's First Amended Complaint.

95.     Defendant denies the allegations contained in paragraph 95 of the Plaintiff's First Amended Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the Plaintiff's First Amended Complaint.

97.     Defendant denies the allegations contained in paragraph 97 of the Plaintiff's First Amended Complaint.

98.     Defendant denies the allegations contained in paragraph 98 of the Plaintiff's First Amended Complaint.

99.     Defendant denies the allegations contained in paragraph 99 of the Plaintiff's First Amended Complaint.

100.    Defendant denies the allegations contained in paragraph 100 of the Plaintiff's First Amended Complaint.

101.    Defendant denies the allegations contained in paragraph 101 of the Plaintiff's First Amended Complaint.

102.    Defendant denies the allegations contained in paragraph 102 of the Plaintiff's First Amended Complaint.

103.    Defendant denies the allegations contained in paragraph 103 of the Plaintiff's First Amended Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of the Plaintiff's First Amended Complaint.

105.    Defendant denies the allegations contained in paragraph 105 of the Plaintiff's First Amended Complaint.

106.    Defendant denies the allegations contained in paragraph 106 of the Plaintiff's First Amended Complaint.

107.   Defendant denies the allegations contained in paragraph 107 of the Plaintiff's First Amended Complaint.

108.   Defendant denies the allegations contained in paragraph 108 of the Plaintiff's First Amended Complaint.

109.   Defendant denies the allegations contained in paragraph 109 of the Plaintiff's First Amended Complaint.

110.   Defendant denies the allegations contained in paragraph 110 of the Plaintiff's First Amended Complaint.

**COUNT VI**

111.   Defendant incorporates his answers to the allegations set forth in paragraphs 1 – 110 of the Plaintiff's First Amended Complaint as if each answer was restated fully herein.

112.   Defendant denies this allegation and denies that Florida law is applicable in this action.

113.   Defendant denies the allegations contained in paragraph 113 of the Plaintiff's First Amended Complaint.

114.   Defendant denies the allegations contained in paragraph 114 of the Plaintiff's First Amended Complaint.

115.   Defendant denies the allegations contained in paragraph 115 of the Plaintiff's First Amended Complaint.

116.   Defendant denies the allegations contained in paragraph 116 of the Plaintiff's First Amended Complaint.

117.   Defendant denies the allegations contained in paragraph 117 of the Plaintiff's First Amended Complaint.

118.  Defendant denies the allegations contained in paragraph 118 of the Plaintiff's First Amended Complaint.

## COUNT VII

119.  Defendant incorporates his answers to the allegations set forth in paragraphs 1 – 118 of the Plaintiff's First Amended Complaint as if each answer was restated fully herein.

120.  Defendant denies the allegations contained in paragraph 120 of the Plaintiff's First Amended Complaint.

121.  Defendant denies the allegations contained in paragraph 121 of the Plaintiff's First Amended Complaint.

122.  Defendant denies the allegations contained in paragraph 122 of the Plaintiff's First Amended Complaint.

123.  Defendant denies the allegations contained in paragraph 123 of the Plaintiff's First Amended Complaint.

124.  Defendant denies the allegations contained in paragraph 124 of the Plaintiff's First Amended Complaint.

125.  Defendant denies the allegations contained in paragraph 125 of the Plaintiff's First Amended Complaint.

126.  Defendant denies the allegations contained in paragraph 126 of the Plaintiff's First Amended Complaint.

127.  Defendant denies the allegations contained in paragraph 127 of the Plaintiff's First Amended Complaint.

128.  Defendant denies the allegations contained in paragraph 128 of the Plaintiff's First Amended Complaint.

129.   Defendant denies the allegations contained in paragraph 129 of the Plaintiff's First Amended Complaint.

130.   Specifically answering Plaintiff's prayers for judgment in its favor, Defendant opposes each and every prayer for damages, interest, attorney's fees, expenses of litigation, legal costs, liens and for injunction asserted in Plaintiff's First Amended First Amended Complaint.

131.   Defendant denies each and every allegation contained in Plaintiff's First Amended First Amended Complaint not specifically admitted herein.

   **WHEREFORE**, having fully answered, Defendant Robert D. Genovese prays for an order of this Court:

   a.   Granting Defendant's request for a jury trial pursuant to Federal Rule of Civil Procedure 38;

   b.   Dismissing Plaintiff's First Amended Complaint with all costs to be borne by the Plaintiff.

   c.   Awarding Defendant's Attorney's fees; expenses of litigation and legal costs; and

   d.   Awarding any and all other relief the Court deems just and proper.

   Respectfully submitted, this 14th day of August, 2018.

/s/Edward J. Tarver

Edward J. Tarver, Esq.

Georgia Bar No. 698380

Email: etarver@enochtrarver.com

**Attorney for Defendant Robert D. Genovese**

Enoch Tarver, PC
3540 Wheeler Road
Suite 312

Augusta, GA 30909
(706)738-4141
(866)373-0759 Fax

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

DOUBLE EAGLE CLUB, INC.,     )
                               )
      Plaintiff,             )
                               )
             VS.          )     CIVIL ACTION NO: CV 117-073
                               )
BG CAPITAL MANAGEMENT SOUTH  )
FLORIDA, LLC, BG SIGNATURE    )
PROPERTIES, LLC, HELMUT FORERO,  )
And ROBERT D. GENOVESE,      )

      Defendants.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF

DEFENDANT ROBERT D. GENOVESE was electronically filed using the Court's ECF system

and that the below-listed counsel are ECF users and will be served via the ECF System:

Kevin A. Maxim and Michelle Cohen Egan
The Maxim Law Firm, P.C.
1718 Peachtree Street, NW, Suite 599
Atlanta, Georgia 30309

Respectfully submitted, this 14th day of August, 2018.

                                        /s/Edward J. Tarver_____
                                        Edward J. Tarver, Esq.
                                        Georgia Bar No. 698380
                                        Email: etarver@enochtrarver.com
                                        **Attorney for Defendant Robert D.
                                        Genovese**

Enoch Tarver, PC
3540 Wheeler Road
Suite 312
Augusta, GA 30909
(706)738-4141
(866)373-0759 Fax