# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| DOUBLE EAGLE CLUB, INC., | * | |
| Plaintiff, | * | |
| v. | * | CV 117-073 |
| BG CAPITAL MANAGEMENT SOUTH FLORIDA, LLC; BG SIGNATURE PROPERTIES, LLC; HELMUT FORERO; and ROBERT D. GENOVESE, | * | |
| Defendants. | * | |

## ORDER

Before the Court is a motion to set aside the default entered against Defendant Helmut Forero ("Forero"). (Doc. 48.) Upon due consideration, the Court **GRANTS** Forero's motion to set aside the default. (Id.) The Court also directs the Clerk to **LIFT** the **STAY** of discovery, which began on September 28, 2018 (doc. 59) and was intended to continue until the Court considered the present motion. The Court directs the Parties to file a revised 26(f) report within seven days of this order. (See id.)

## I. Background

Plaintiff filed its original complaint on June 29, 2017, which did not name Forero as a defendant. (Doc. 1.) On May 10, 2018, Plaintiff filed a motion for leave to add Forero and Robert Genovese as defendants. (Doc. 39.) Plaintiff filed its amended

complaint on June 6, 2018, naming Forero as a defendant. (Am. Compl., Doc. 42.) Plaintiff named Forero as the registered agent for service of process for Defendant BG Capital Management South Florida, LLC ("BG Capital") and the Chief Financial Officer of BG Signature Properties, LLC ("BG Signature").[1] (Id. ¶¶ 4-5.)

Forero was served with the amended complaint on June 14, 2018. (Doc. 45.) According to Forero, at the time he was served "he was no longer an employee of BG Capital." (Mem. in Supp. of Forero's Mot. to Set Aside Default ("Forero's Mem."), Doc. 49, at 3.) Forero "immediately notified [] BG Capital [] that he had been added as a Defendant to the pending action . . . and confirmed [] BG Capital's responsibility to provide a defense to the action." (Forero's Mot. to Set Aside Default, Doc. 48, ¶ 9.) BG Capital, however, "failed to retain counsel to represent Forero's interests" until after the Clerk's entry of default. (Id. ¶ 11.)

When Forero did not appear, plead, or otherwise defend, Plaintiff filed a motion for entry of default on July 10, 2018, which the Clerk entered the following day. (Docs. 46, 47.) Forero received notice of the entry of default on July 16th. (Forero's Mem. at 2.) Four days later, on July 20th, Forero filed a motion to set aside the default.

---

[1] Plaintiff alleges Forero is liable both personally and in his official capacity. (Am. Compl. ¶ 47.)

2

## II. Standard for Setting Aside an Entry of Default

Federal Rule of Civil Procedure 55(c) provides, "The court may set aside an entry of default for good cause." What constitutes "good cause" varies from case to case. <u>Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996). To determine whether there is good cause, courts have considered, but are not limited to, factors such as "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." <u>Id.</u> (citations omitted). Regardless of a court's chosen factors, "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." <u>Id.</u> The Court also notes the Eleventh Circuit's "strong preference for deciding cases on the merits — not based on a single missed deadline — whenever reasonably possible." <u>Perez v. Wells Fargo, N.A.</u>, 774 F.3d 1329, 1332 (11th Cir. 2014); <u>see also</u> <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam).

## III. Discussion

Plaintiff argues the Court should deny Forero's motion because (1) he "has not presented any meritorious defense," and (2) "his filing presents no plausible excuse[] and displays an intentional or reckless disregard for these judicial proceedings."

3

(Pl.'s Br. in Opp'n to Forero's Mot. to Set Aside Default, Doc. 50, at 3-11.)

Addressing the first argument, Plaintiff contends Forero's initial pleadings do not "present any defense to [Plaintiff's] claims against him." (Id. at 3.) Forero, however, argues he is not liable because he "was not, and is not, an officer of [BG Capital] or [BG Signature] at any time relevant to the allegations in Plaintiff's Amended Complaint." (Forero's Mem. at 2.) Forero expands his defense in his reply brief by stating the agreement at issue was signed by BG Capital's former president, not Forero. (Forero's Reply Br., Doc. 53, at 2.) Furthermore, Forero argues he is not personally liable for acts taken in his official capacity. (Id. at 2-3.)

"[A] defendant need only show a 'hint of a suggestion' to meet the requisite standard of a meritorious defense." Buonocore v. Credit One Bank, N.A., No. 3:14-CV-067, 2014 WL 6620623, at *2 (M.D. Ga. Nov. 21, 2014) (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)). Although the Parties disagree as to Forero's ultimate liability, Forero need not prove his entire defense at this stage. The Court finds Forero has shown at least a "hint of a suggestion" of a meritorious defense.

Turning to Plaintiff's second argument, the Court finds Forero's lapse was not willful. Courts will deem a default willful when the litigant displays "either an intentional or reckless disregard for the judicial proceedings." Compania, 88 F.3d at

4

951-52 (citation omitted). An action may be deemed intentional or reckless "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance." Id. Furthermore, courts are hesitant to deem a default willful when a litigant takes prompt action to cure. Farquharson v. Citibank, N.A., 664 F. App'x 793, 797 (11th Cir. 2016) (per curiam) (litigant "promptly retained counsel as soon as it realized that there had been a misunderstanding regarding its representation"); compare Annon Consulting, Inc. v. BioNitrogen Holdings Corp., 650 F. App'x 729, 732 (11th Cir. 2016) (finding default willful when defendant knew of "clerk's initial entry of default and still failed to file a responsive pleading"), with Auto Owners Ins. Co. v. Sapp, No. 1:15-CV-90, 2017 WL 6210317, at *2 (M.D. Ga. Jan. 10, 2017) (court set aside default because "both parties acted promptly to cure").

Forero's default was not willful. Forero believed he had taken care of his defense by confirming it was BG Capital's responsibility to defend him. Upon discovering the misunderstanding regarding his representation, Forero took prompt action to cure. The Court finds Forero's prompt response after discovering the Clerk's entry of default supports setting aside the default. In addition to the factors Plaintiff invokes, the Court finds no evidence that the short delay unfairly prejudices Plaintiff.

Although Forero need not prove he meets every factor, see Compania, 88 F.3d at 951, the above factors illustrate Forero has

5

shown good cause to set aside the default. Due to Forero's potentially meritorious defenses, his prompt actions to cure, and the lack of prejudice to Plaintiff, the Court grants Forero's motion to set aside the default.

### IV. Conclusion

Upon due consideration, the Court **GRANTS** Forero's motion to set aside the default. (Doc. 48.) The Court also directs the Clerk to **LIFT** the **STAY** of discovery in this case. The Court directs the Parties to file a revised 26(f) report within seven days of this order. (See Doc. 59.)

**ORDER ENTERED** at Augusta, Georgia, this 18th day of October, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA